# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MARKIE DEVON JONES, *Petitioner*, v. WARDEN, U.S.P. LEE, *Respondent.* | CASE NO. 7:20-cv-00278 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

Markie Devon Jones, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), and the Court allowed him to supplement that petition with additional authority and arguments (ECF No. 16). Respondent filed a response in opposition to the petition, arguing that the petition should be dismissed in its entirety. (ECF No. 11.) Respondent submits that the Court lacks jurisdiction over the petition, and, alternatively, that the petition should be dismissed because Jones cannot overcome his procedural default and because his claims fail on their merits. Jones filed two documents in opposition to the response, (ECF Nos. 15, 18), which the Court also has considered.

For the reasons set forth herein, the Court concludes that it lacks jurisdiction over Jones's § 2241 petition. Even if it had jurisdiction, though, he is not entitled to relief under § 2241. For these reasons, the Court will deny his petition.

## I. BACKGROUND

On November 24, 2015, Jones was sentenced by the United States District Court for the Eastern District of North Carolina, Case No. 5:15-CR-89, after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The sentencing court determined

that Jones was an armed career criminal under 18 U.S.C. § 924(e), based on a number of prior convictions, and sentenced him to the mandatory minimum of 180 months' imprisonment. (Presentence Investigation Report ("PSR") ¶ 60, ECF No. 11-3; *see generally id.* ¶¶ 11–26 (detailing extensive criminal history).) Jones appealed, challenging a pre-plea ruling as well as his armed career criminal designation. *United States v. Jones*, 669 F. App'x 110 (4th Cir. 2016). The Fourth Circuit affirmed. *Id.*

Jones subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, arguing that under *Johnson v. United States*, 576 U.S. 591 (2015), his North Carolina convictions for breaking and entering should not have counted toward his armed career criminal designation. Motion to Vacate Under 28 U.S.C. § 2255, *United States v. Jones*, Case No. 5:15-CR-89 (E.D.N.C. May 7, 2019), ECF No. 57. The district court denied the motion to vacate. Order, *United States v. Jones*, Case No. 5:15-CR-89 (E.D.N.C. Sept. 23, 2019), ECF No. 69. Jones did not appeal.

At the time he filed this case, Jones was incarcerated at the United States Penitentiary in Lee County, Virginia, within the Western District of Virginia. In his § 2241 petition, Jones challenges the legality of his felon-in-possession conviction, relying on *Rehaif v. United States*, 131 S. Ct. 2191 (2019), and *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020).[1] (ECF No. 1 at 2, 8.)

## II. DISCUSSION

A prisoner generally must file a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction or sentence. 28 U.S.C. § 2255(a); *Davis v. United*

---

[1] The petition also relies upon *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), but *Gary* was reversed by the Supreme Court in *Greer v. United States*, 141 S. Ct. 2090 (2021), which was a consolidated appeal of *Gary* and the Eleventh Circuit's decision in *United States v. Greer*, 798 F. App'x 483 (11th Cir. 2020).

*States*, 417 U.S. 333, 343 (1974).[2] But the "savings clause," 28 U.S.C. § 2255(e),[3] allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

In the Fourth Circuit, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 328 F.3d at 333–34; *see also Wheeler*, 886 F.3d at 429 (setting forth similar requirements for a challenge to a sentence under savings clause). If any one of the requirements is not met, the court is deprived of jurisdiction. *Wheeler*, 886 F.3d at 425. Jones bears the burden of proving subject matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

In conducting a § 2255(e) savings clause analysis, courts must apply the procedural law of the circuit where the petition is brought, and must "look to the substantive law of the circuit where a defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). In this

---

[2] The Court omits internal quotation marks, alterations, and/or citations throughout this memorandum opinion, unless otherwise noted.

[3] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

*States*, 417 U.S. 333, 343 (1974).[2] But the "savings clause," 28 U.S.C. § 2255(e),[3] allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

In the Fourth Circuit, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 328 F.3d at 333–34; *see also Wheeler*, 886 F.3d at 429 (setting forth similar requirements for a challenge to a sentence under savings clause). If any one of the requirements is not met, the court is deprived of jurisdiction. *Wheeler*, 886 F.3d at 425. Jones bears the burden of proving subject matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

In conducting a § 2255(e) savings clause analysis, courts must apply the procedural law of the circuit where the petition is brought, and must "look to the substantive law of the circuit where a defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). In this

---

[2] The Court omits internal quotation marks, alterations, and/or citations throughout this memorandum opinion, unless otherwise noted.

[3] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

case, Jones's conviction occurred in the Eastern District of North Carolina, within the Fourth Circuit. Thus, Fourth Circuit substantive law governs Jones's petition in its entirety.

Jones argues that in light of the Supreme Court's decision in *Rehaif*, his conviction under § 922(g) is invalid. (ECF No. 1 at 2, 7.) Section 922(g) makes it unlawful for certain individuals to possess firearms. "The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who '*knowingly*' violates the first provision shall be fined or imprisoned for up to 10 years." *Rehaif*, 139 S. Ct. at 2194; *see also* 18 U.S.C. § 922(g).

In *Rehaif*, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. Based on *Rehaif*, Jones contends that his guilty plea was not voluntary or knowing because he was neither charged with nor pled guilty to all the elements of § 922(g). (ECF No. 1 at 7.) In particular, because he was not advised that the jury would have to find that he knew he was a felon, he claims he did not plead guilty to a § 922(g)(1) offense, and his conviction should be vacated. (*Id.*) Moreover, Jones claims that he was unaware "of the fact that [he] belonged to the relevant category of persons barred from possessing a firearm." (*Id.* at 2.)

Respondent's answer first notes that respondent disagrees with the Fourth Circuit's "substantive framework" as to what claims can be brought in a § 2241 petition and submits that "*Jones* and its progeny are wrongly decided," preserving that issue for appeal. (ECF No. 11 at 9–10.) Respondent next moves to dismiss the petition based on the Court's lack of jurisdiction. In particular, respondent concedes that Jones satisfies prongs one and three of the *Jones* test, but

argues that he fails to meet the second *Jones* requirement. (ECF No. 11 at 1, 10, 15–18.) Respondent also contends that, even if the Court had jurisdiction, Jones has procedurally defaulted his claims and failed to show cause and prejudice or "actual innocence" so as to overcome that default. (*Id.* at 18–25.) Lastly, respondent maintains that Jones's claims fail on their merits. (*Id.* at 25–27.)

### A. This Court Lacks Jurisdiction Over Jones's § 2241 Petition.

The Court addresses first respondent's argument that Jones cannot satisfy the second prong of the *Jones* test. As part of his jurisdictional arguments, respondent dedicates a large portion of his briefing to discussing the Fourth Circuit's decision in *Hahn v. Moseley*, 931 F.3d 295 (4th Cir. 2019), and its potential impact on the second requirement of *Jones*. Respondent argues that that *Hahn* improperly—and in contrast to a number of prior Fourth Circuit decisions analyzing § 2241 claims under *Jones*—appears to treat the *Jones* requirements not as jurisdictional, but as if satisfying them entitles a petitioner to relief. He maintains that *Hahn* also "is ambiguous whether a showing that a change in substantive law rendered *this* defendant's conviction non-criminal is a component of *Jones*'s jurisdictional analysis or whether it is a separate merits question." (ECF No. 11 at 10.) As another court explained, in addressing apparently similar briefing from respondent before it,

> Respondent submits [that] *Hahn* can be read in two ways: (1) as requiring a district court to assess a petitioner's specific conduct to determine whether it remains criminal under a newly pronounced interpretation of law; or (2) as stating that any change to the substantive boundaries of a criminal offense satisfies the second element of *Jones*, clearing the path for . . . a court to conduct a merits analysis of whether the petitioner's conduct truly was criminal or vacatur of his conviction is appropriate.

*Albritton v. Warden, FCI Petersburg*, No. 1:20CV302, 2021 WL 3432845, at *2 (E.D. Va. Aug. 4, 2021).

*Hahn* involved a change in the law quite different from *Rehaif*. *Rehaif* clarified the mens rea element of a § 922(g) offense (or, as some courts see it, added an element, *see Pleasant v. Streeval*, No. 7:20-CV-00233, 2022 WL 212704, at *2 (W.D. Va. Jan. 24, 2022)). By contrast, *Hahn* dealt with a change in Tenth Circuit law that disallowed a charge altogether unless that charge was based on different conduct than the defendant's other charges of conviction. *See generally Hahn* (discussing *United States v. Rentz*, 777 F.3d 1105 (10th Cir. 2015)). The way in which *Hahn* conducted its *Jones* analysis may have flowed in part from that distinction.

In any event, to the extent that some of the language in *Hahn* is inconsistent with prior published panel decisions, the Court must follow the earlier precedent. *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2003) (en banc) ("When published panel decisions are in direct conflict on a given issue, the earliest opinion controls, unless the prior opinion has been overruled by an intervening opinion from [the Fourth Circuit] sitting *en banc* or the Supreme Court."). And the Court's reading of those prior cases, which has been followed by many district courts in addressing *Rehaif* claims in the context of § 2241, is that *Jones*'s second prong requires an assessment of the petitioner's conduct to determine whether he was convicted of conduct that is no longer criminal, effectively asking whether the petitioner still could be convicted of that crime after the change in law. *See Albritton*, 2021 WL 3432845, at *3 (noting the lack of clarity in *Hahn*, but following cases that have held that a change in the substantive law is itself insufficient to satisfy the second element of *Jones*). *Cf. Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (describing *Jones* as "delineating the circumstances in which § 2241 may be used to pursue" a claim that a defendant is "actually innocent of [an] offense yet procedurally barred from filing a § 2255 motion").

In particular, many district courts within the Fourth Circuit, including the undersigned

6

and other judges of this court, have held that *Rehaif* did not change substantive law "such that the conduct of which the prisoner was convicted is deemed not to be criminal[,]" *Jones*, 226 F.3d at 334, because that conduct, being a felon in possession of a firearm, is still illegal. *See, e.g., Asar v. Travis*, Civil Action No. 6:20-394-BHH, 2020 WL 3843638, at *2 (D.S.C. July 8, 2020) (concluding that the second *Jones* element was not satisfied because "being a felon in possession of a firearm remains a valid criminal offense" and petitioner admitted the facts essential to a conviction under § 922(g) by pleading guilty), *affirmed as modified*, 858 F. App'x 676 (4th Cir. Sept. 20, 2021) (affirming on the reasoning of the district court and citing to the district court's opinion). *See also Pleasant*, 2022 WL 212704, at *2 (noting that defendant had been convicted of multiple felony offenses in concluding that the second *Jones* prong was not satisfied); *Albritton*, 2021 WL 3432845, at *2 (concluding petitioner's conduct remained criminal); *Carrucini v. Warden of U.S.P. Lee*, No. 7:19CV00861, 2021 WL 431739, at *4 (W.D. Va. Feb. 8, 2021) (ruling that petitioner's *Rehaif* claim could not proceed under § 2241 because he could not establish the second *Jones* prong); *Erby v. Breckon*, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (collecting cases holding same), *aff'd*, No. 20-6814, 2021 WL 6101845 (4th Cir. Dec. 22, 2021); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*.").[4] The undersigned's prior decisions holding the same include *Patterson v. Streeval*, No. 7:20CV340, 2021 WL 3861600, (W.D. Va. Aug. 30, 2021), and *Scrivens v. Streeval*, No. 7:20CV224, 2021

---

[4] As is evident from the foregoing citations, two of the cases (*Asar* and *Erby*) have been affirmed by the Fourth Circuit, but in unpublished, per curiam decisions. *See also Rhodes v. Dobbs*, 858 F. App'x 658 (4th Cir. Sept. 17, 2021) (affirming district court's dismissal of § 2241 petition raising a *Rehaif* claim for lack of jurisdiction based on a failure to satisfy the second *Jones* prong and finding no reversible error); *Allen v. Dobbs*, 855 F. App'x 162 (4th Cir. Aug. 10, 2021) (same). The Fourth Circuit has not spoken in a published decision on the issue.

WL 3200985 (W.D. Va. July 28, 2021).

The Court recognizes that there have been a few decisions that have held to the contrary, including *Moore v. Warden of FCI Edgefield*, __ F. Supp. 3d __, 2021 WL 3828828 (D.S.C. Aug. 27, 2021). In *Moore*, the petitioner had not pled guilty; he was convicted after a trial. The *Moore* court reasoned that the second *Jones* prong required it to answer a two-part question:

> The first part of the question is: What is "the conduct of which [Moore] was convicted"? As noted above, the pre-*Rehaif* understanding was that a § 922(g)(1) charge had the following elements: (1) the defendant had a prior felony conviction; (2) the defendant knowingly possessed a firearm; and (3) the firearm traveled in interstate commerce. *See United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc) (setting forth elements pre-*Rehaif*). That is the conduct of which Moore was necessarily convicted . . .
>
> Then, the second part of the question is: Does that conduct, standing alone, remain criminal post-*Rehaif*? *See Hahn v. Moseley*, 931 F.3d 295, 303 (4th Cir. 2019) ("A petitioner satisfies this standard if the substantive change in the law makes previously illegal conduct no longer a source of criminal liability."). Based on a reading of the relevant cases, the Court concludes that it does not. After *Rehaif* and the analysis set forth, an individual does not violate § 922(g)(1) by possessing a firearm that traveled in interstate commerce after having previously been convicted of a felony. That individual has only violated § 922(g)(1) if, at the time of the firearm possession, he also *knew* he had a prior felony conviction.

*Id.* at *4–5.

Based on that reasoning, the *Moore* court concluded that the petitioner had satisfied the second element of the *Jones* test, in addition to the first and third.[5] And it disagreed with the reasoning of cases, such as *Erby*, characterizing them as relying "on the big-picture argument that 'it is still illegal for felons to possess weapons and ammunition' to conclude that habeas

---

[5] The respondent in *Moore* conceded that the court had jurisdiction to consider Moore's 2241 petition, 2021 WL 3828828, at *5, but the court also explained why that concession was proper and why it had jurisdiction.

petitioners in Moore's situation have not satisfied the savings clause." *Id.* at *5 (quoting *Erby*, 2020 WL 1443154, at *7).

The *Moore* court reasoned that "a habeas petitioner raising a *Rehaif* claim is not blocked by the savings clause simply because, in the broad sense, it is still illegal for felons to possess firearms. The specific issue for the savings clause analysis is whether "the conduct of which [the petitioner] was convicted" is still a source of criminal liability, not whether it is illegal to violate § 922(g)(1)." *Moore*, 2020 WL 1443154, at *5. The analysis set forth by the *Moore* court precisely tracks the language in *Jones,* and the Court understands its logic.

Nonetheless, this Court cannot find that the second prong is satisfied here and instead will join the broad consensus of courts within the Fourth Circuit that have held jurisdiction is lacking on similar facts. As the Fourth Circuit has repeatedly recognized in affirming decisions finding no § 2241 jurisdiction for a *Rehaif* claim, the petitioner's conduct here would still be criminal, even after *Rehaif*.

Just like the petitioners in many of the cases, Jones presents no evidence to support any assertion that he did not know he was a felon. Furthermore, there is ample proof in the record to support the knowledge-of-status element. On this issue, and although it involved direct appeals rather than collateral attacks, the Supreme Court's decision in *Greer* is instructive.

As noted *supra* at note 1, *Greer* was a consolidated appeal from a Fourth Circuit case, *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), and an Eleventh Circuit case, *United States v. Greer*, 798 F. App'x 483 (11th Cir. 2020). In the Eleventh Circuit case, the defendant had gone to trial. Gary, like Jones here, had pled guilty to the offense, and the district court had failed to advise him during the plea colloquy that, if he went to trial, a jury would have to find that he knew he was a felon. *Greer*, 141 S. Ct. at 2096. Reviewing for plain error, the Court

9

explained that to succeed on direct appeal, Gary had to show that, "but for the *Rehaif* error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty." *Id.* at 2097.

The Court noted that a defendant faces "an uphill climb" to make such a showing, reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon." *Id.*; *see also id.* ("Felony status is simply not the kind of thing that one forgets.") (citing *Gary*, 963 F.3d at 423 (Wilkinson, J., concurring in denial of reh'g en banc)). As the *Greer* Court summarized, "demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons." *Id.* at 2098 (citation omitted).

The defendants in *Greer* could not meet their burden, and the Court's explanation as to why is apt here:

> Before their respective felon-in-possession offenses, both Greer and Gary had been convicted of multiple felonies. Those prior convictions are substantial evidence that they knew they were felons. Neither defendant has ever disputed the fact of their prior convictions. At trial, Greer stipulated to the fact that he was a felon. And Gary admitted that he was a felon when he pled guilty. Importantly, on appeal, neither Greer nor Gary has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms.

*Id.* at 2097–98.

The *Greer* court's reasoning applies with equal force to Jones's *Rehaif* claim. First, like Gary, Jones admitted that he was a felon when he pled guilty. Second, like Gary, Jones previously had been convicted of *multiple* felonies. Indeed, he was sentenced as an armed career criminal. According to his PSR, for some of his prior felony convictions, he was sentenced to multiple sentences of 16 months to 7 years *each*, and he actually served nearly 10 years in prison

10

total. (PSR ¶¶ 23–24, 45, 47, ECF No. 11-3.) In light of his extensive criminal history, no reasonable jury would believe that he did not know he had previously been "convicted in [a] court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). In fact, at the suppression hearing in his case, Jones admitted that he was an armed career criminal and that he had "numerous convictions" for breaking and entering, robbery, larceny, and other offenses. (ECF No. 11-2, at 36–37.)

Moreover, unlike some defendants who are convicted of a felony, but are not sentenced to more than a year, Jones had received sentences longer than a year and had served sentences longer than a year. These facts, taken together, make it "virtually impossible to believe he did not know he had been convicted" of a felony. *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (concluding same in reviewing a *Rehaif* error for plain error on direct appeal, where the defendant had been convicted of multiple felonies, had not disputed them, and served sentences longer than a year); *cf. id.* (noting that there could be a case where a felon did not know he was a felon where, for example, he was previously convicted of a crime punishable by imprisonment for a term exceeding one year, but was sentenced to a term less than a year or to probation). Also, like Gary, Jones has not "argued or made a representation that [he] would have presented evidence at trial that" he did not know he was a felon when he possessed the firearm. *See Greer*, 141 S. Ct. at 2098.

Based on the foregoing, the Court concludes that Jones cannot demonstrate that the conduct for which he was convicted is no longer a crime. *See Jones*, 328 F.3d at 334. Because jurisdiction over his § 2241 petition is lacking, *see Wheeler,* 886 F.3d at 423, the petition must be dismissed without prejudice.

### B. Jones's Petition Fails On Its Merits Regardless.[6]

Even if the Court were to conclude that it had jurisdiction, though, Jones's petition would still be denied, albeit on its merits and with prejudice. In particular, Jones is not entitled to habeas relief because he has not suffered any prejudice because of any *Rehaif* error.

"For reasons of finality, comity, and federalism, habeas petitioners 'are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Davis v. Ayala*, 576 U.S. 257, 267 (2015) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A petitioner bears the burden of showing he is entitled to habeas relief and must show that any error had a "substantial and injurious effect" on his conviction. *United States v. Smith,* 723 F.3d 510, 517 (4th Cir. 2013); *see also Ruelas v. Wolfenbarger*, 580 F.3d 403, 413 (6th Cir. 2009) (applying "substantial and injurious" standard to collateral challenge to voluntariness of guilty plea). Based on the record before the Court, Jones cannot meet this burden.

As the Court's analysis in the preceding section makes clear, Jones does not expressly allege in his petition that he did not know he was a felon at the time of the offense. He alleges that he did not know he could not possess a firearm, but knowledge that the law prohibits felons from possessing a firearm is not required to prove a violation of § 922(g)(1). Indeed, in *Rehaif* itself*,* the Supreme Court made clear that a conviction did not require knowledge of the prohibition (or of the law), but only knowledge of the *status* that gives rise to the prohibition. 139 S. Ct. at 2197–98, 2200. The knowledge-of-status element is required to avoid criminalizing "an innocent mistake." *Id.* at 2197. The response to Jones's argument, then, is that "ignorance of the law is no excuse." *See id.* at 2198 (discussing that maxim and observing that the

---

[6] The Court does not address the parties' arguments concerning procedural default, or whether Jones can show cause and prejudice or "actual innocence" to overcome any default.

knowledge-of-status element is knowledge of a collateral legal fact and is different than knowledge of "the existence of a statute proscribing his conduct").

Furthermore, the record here contains ample evidence supporting the knowledge-of-status element, as already noted. In short, Jones cannot show a reasonable likelihood of a different result, let alone a "substantial and injurious" effect on his conviction. *Cf. Greer*, 141 S. Ct. at 2100 (explaining that the plain error test applies to "discrete defects" in a criminal proceeding, such as "the omission of a single element from jury instructions or a required warning from a Rule 11 plea colloquy"; such defects are not "structural errors" subject to automatic reversal). Thus, Jones would not be entitled to habeas relief even if the Court had jurisdiction over his petition.

As a final note, Jones's reliance on the Fourth Circuit's decision *Lockhart* also is misplaced. Like Jones, Lockhart pled guilty to a felon-in-possession charge. *Lockhart*, 947 F.3d at 190. He, too, was sentenced as an armed career criminal, 18 U.S.C. § 924(e). *Id.* There, however, the similarity ends. In *Lockhart*, it was the combination of an error during the plea colloquy (being misinformed as to his potential sentencing exposure to a significant degree), as well as a *Rehaif* issue, that led the appellate court to vacate the conviction and remand the case to the district court for further proceedings.[7] *Id.* at 197 (noting that these errors "in the aggregate" were "sufficient to undermine confidence in the proceeding," but noting that the court was not deciding "whether a standalone *Rehaif* error requires automatic vacatur of a defendant's plea").

Jones has alleged no such misinformation about his sentencing exposure, nor could he. He was asked during the suppression hearing whether he was aware he faced a mandatory minimum sentence of 15 years' imprisonment as an armed career criminal and answered

---

[7] The *Lockhart* court "limited its holding to its unique facts . . . ." *Gary*, 954 F.3d at 200; *see also Lockhart*, 947 F.3d at 196–97 (noting "procedural and factual circumstances of this case").

13

affirmatively. (ECF No. 11-2 at 36–37.) He reaffirmed that understanding when he pled guilty. Tr. of August 12, 2015 Arraignment Hrg., at 6, *United States v. Jones*, Case No. 5:15-cr-00089 (E.D.N.C.), ECF No. 41 (Jones stating he understood that he faced a 15-year mandatory minimum sentence if he were sentenced as an armed career criminal). Thus, *Lockhart* is factually distinguishable and does not support Jones's request for habeas relief.

### III. CONCLUSION

For the reasons stated above, the Court concludes that it lacks jurisdiction over Jones's petition, but that he is not entitled to relief under § 2241 regardless. Jones's petition will be dismissed without prejudice.

An appropriate order will be entered.

**ENTER**: This 18th day of March, 2022.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

14